## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:21CR00473 MTS |
| | ) |
| GUREN CLEMONS, | ) |
| | ) |
| Defendant. | ) |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

### 1. PARTIES

The parties are the defendant Guren Clemons, represented by defense counsel Kenneth Schwartz, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count 1 of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's participation in a conspiracy to distribute methamphetamine in 2021, of which the Government is aware at this time. In addition, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the parties agree that the defendant's sentence should be 180 months.

1

If the Court informs the parties prior to sentencing that it will reject this agreement or sentences defendant to a sentence not in conformity with this agreement, then either party may withdraw from the plea agreement and the defendant will have an opportunity to withdraw his guilty plea pursuant to Rule 11(c)(5). The parties further agree that neither party shall request a sentence above or below the sentencing agreement in this paragraph pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

The defendant also agrees, pursuant to the guilty plea to Count 1 to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to:

a)    Approximately $29,683.00 U.S. Currency;

b)    Approximately $11,560.00 U.S. Currency;

c)    Approximately $10,057.00 U.S. Currency;

d)    Taurus International Spectrum Pistol, SN: 1F137517

e)    Smith and Wesson .38 special revolver, Serial #33K1760;

f)    Kimber 1911 handgun .45 caliber, Serial #K064854;

g)    Lorcin .25 caliber, Serial #316620; and

h)    Walther P-38 handgun 9mm, Serial #307342.

## 3.    ELEMENTS

As to Count 1, the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1) and 846, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are: (1) two or more persons reached an agreement or

2

came to an understanding to distribute methamphetamine; (2) the defendant joined in the agreement either at the time it was first reached or at some later time while it was still in effect; (3) at the time the defendant joined in the agreement or understanding, he knew of its illegal purpose; and (4) the quantity of actual methamphetamine involved in the offense was fifty grams or more.

## 4. FACTS

The parties stipulate and agree that based upon law enforcement surveillance, both physical and electronic, law enforcement seizures, co-conspirators' testimony, and the defendant's own statements, the following evidence would be adduced and proven beyond a reasonable doubt if the defendant elected to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or before June 2020, the defendant entered into an agreement or understanding with codefendants James L. Brownridge, Curtis Grisby, Daisah Prince, and others to distribute methamphetamine. During court-authorized wiretaps over several telephones, investigators intercepted numerous calls during which the defendant discussed the distribution of narcotics. During December 2020, Brownridge arranged for narcotics to be mailed from Las Vegas, Nevada, to several different addresses within the Eastern District of Missouri. One of the packages was intercepted by the Las Vegas Metropolitan Police Department and found to contain approximately six pounds (2.72 kilograms) of methamphetamine. Another package was located at the postal distribution center in Hazelwood, Missouri and found to contain 2.9 kilograms of cocaine and approximately two pounds of marijuana. The package was to be delivered to the defendant at 8128 Appleton Drive, St. Louis, Missouri.

3

At trial, the government would present evidence that the defendant worked with Brownridge to acquire, ship, store, and distribute narcotics in and around the St. Louis area. On April 7, 2021, a search warrant was executed at 8128 Appleton Drive, an address used by the defendant to store narcotics. The defendant was not present during the execution of the search warrant on Appleton, however, contacted codefendant Daisah Prince to tell her to get rid of narcotics stored at the address. Investigators observed Prince leave the house on Osborn, stopped her car, and located 180.9 grams of actual methamphetamine, 308 grams of cocaine, 102.2 grams of cocaine base, a drug ledger, and $11,560 in drug proceeds. After the seizure of narcotics from Prince's car, investigators searched the house on Osborn and located 1,311 grams of actual methamphetamine. The defendant agrees that the quantity narcotics found in the car and at 8335 Osborn Drive were reasonably foreseeable to him as a part of his participation in the ongoing conspiracy.

## 5.   STATUTORY PENALTIES

As to Count 1, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than life, a fine of not more than $10,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five years. The defendant also fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least ten years.

In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

4

## 6. U.S. SENTENCING GUIDELINES (2021 MANUAL)

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

### a. Chapter 2 Offense Conduct:

(1) **Base Offense Level:** The parties agree that the base offense level is 38, as found in Section 2D1.1. The parties agree that the quantity of controlled substances for which the defendant is accountable, including relevant conduct, is as follows:

| Substance | Quantity | Converted Drug Weight |
|---|---|---|
| Methamphetamine (Actual) | 4200.9 grams | 84,018 kilograms |
| Cocaine | 3380.2 grams | 6,760.4 kilograms |
| Cocaine Base (Crack) | 102.2 grams | 3,650 kilograms |

The total converted drug weight is at least 90,000 kilograms, resulting in the base offense level.

(2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: none.

### b. Chapter 3 Adjustments:

(1) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon

5

information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

**c. Other Adjustments:** The parties have no further agreement regarding any other adjustments.

**d. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 35. Based upon the underlying offense and the defendant's criminal history, the defendant may be a Career Offender pursuant to Section 4B1.1 of the Guidelines. If the Court finds the defendant is a Career Offender, the Total Offense Level could be higher, and the Criminal History Category will be VI. The defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

**e. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea

6

agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2) **Sentencing Issues:** In the event the Court accepts the plea and, in sentencing the defendant follows the sentencing agreement in paragraph 2, then, as part of this agreement, the parties hereby waive all rights to appeal all sentencing issues.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

**b. Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

8

**e. Possibility of Detention:** The defendant is subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant specifically agrees to the forfeiture of the following:

    a)    Approximately $29,683.00 U.S. Currency;

    b)    Approximately $11,560.00 U.S. Currency;

    c)    Approximately $10,057.00 U.S. Currency;

    d)    Taurus International Spectrum Pistol, SN: 1F137517

    e)    Smith and Wesson .38 special revolver, Serial #33K1760;

9

    f)  Kimber 1911 handgun .45 caliber, Serial #K064854;

    g)  Lorcin .25 caliber, Serial #316620; and

    h)  Walther P-38 handgun 9mm, Serial #307342

The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

   In pleading guilty, the defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the

10

attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

**10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11

## 11.  CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring, or as set forth in Paragraph 2 above.

10/6/22
Date

JEANNETTE S. GRAVISS, #44483(MO)
Assistant United States Attorney

9/29/22
Date

GUREN CLEMONS
Defendant

10/1/22
Date

KENNETH SCHWARTZ 44528710
Attorney for Defendant

13